# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF TEXAS
## DALLAS DIVISION

U.S. DISTRICT
NORTHERN — TEXAS

JUN 29 2020

CLERK, U.S. DISTRICT COURT
By_____

Civil Action No. _____

WINSTON WESLEY NOLES                                    , Plaintiff,

v.

KEITH SHORT                                            , Defendant.
POLICE OFFICER, ROYSE CITY, TX
in his individual capacity

**3-20CV1721-M**

---

### COMPLAINT AND JURY DEMAND

---

## A. PLAINTIFF INFORMATION

Plaintiff        WINSTON WESLEY NOLES        is a citizen of THE UNITED STATES
who presently resides at the following address:

> ADDRESS: 11452 County Road B, Manzanola, Colorado 81058
> TELEPHONE: 214-874-5605
> EMAIL: WinstonOttoNoles@gmail.com

## B. DEFENDANT(S) INFORMATION

Defendant        KEITH SHORT        is a citizen of THE UNITED STATES
who may presently reside at:
Currently Elected Mayor, McLendon-Chisholm, TX with offices at:
> 1371 West FM 550 McLendon-Chisholm, TX 75032

Also Currently employed as a Sunnyvale, Tx Police Officer with offices at:
> 127 Collins Road Sunnyvale, TX 75182

At the time of this incident, employed by Royse City Police Department with offices at:
> 100 W Main St, Royse City, TX 75189

IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

# C. JURISDICTION

Jurisdiction is asserted pursuant to following statutory authorities:

28 U.S.C. §§ 1331, 1343 and 1391

42 U.S.C. § 1988

42 U.S.C. § 1983: FIRST, FIRST, FOURTH AND FOURTEENTH AMENDMENTS

# D. STATEMENT OF CLAIM(S)

## SUMMARY OF VIOLATIONS FOR WHICH RELIEF IS SOUGHT

**FIRST CLAIM FOR RELIEF:**
      42 U.S.C. § 1983
      UNLAWFUL SEIZURE – WARRANTLESS SEIZURE OF ACTIVE CAMERA
      FOURTH AMENDMENT

**SECOND CLAIM FOR RELIEF:**
      42 U.S.C. § 1983
      FREE PRESS: PRIOR RESTRAINT – OBSTRUCT GATHERING CONTENT
      FIRST AMENDMENT

**THIRD CLAIM FOR RELIEF:**
      42 U.S.C. § 1983
      DUE PROCESS – PROPERTY DEPRIVATION, CONTENT DESTRUCTION
      SUBSTANTIVE, PROCEDURAL VIA THE FOURTEENTH AMENDMENT

**FOURTH CLAIM FOR RELIEF:**
      42 U.S.C. § 1983
      REDRESS OF GRIEVANCES
      FIRST AMENDMENT;
      DUE PROCESS – EVIDENCE TAMPERING
      SUBSTANTIVE, PROCEDURAL VIA THE FOURTEENTH AMENDMENT

**FIFTH CLAIM FOR RELIEF:**
      42 U.S.C. § 1983
      RETALIATION FOR SPEECH
      FIRST AMENDMENT

FIRST CLAIM FOR RELIEF: UNLAWFUL SEIZURE - FOURTH AMENDMENT
SECOND CLAIM FOR RELIEF: PRIOR RESTRAINT - FIRST AMENDMENT
THIRD CLAIM FOR RELIEF: DUE PROCESS - FOURTEENTH AMENDMENT
FOURTH CLAIM FOR RELIEF: REDRESS/DUE PROCESS – FIRST AND FOURTEENTH
    AMENDMENTS
FIFTH CLAIM FOR RELIEF: RETALIATION FOR SPEECH - FIRST AMENDMENT

**COMPLAINT AND JURY DEMAND**

Plaintiff, Winston Wesley Noles, Pro Se, respectfully alleges for his **Complaint** and **Jury Demand** as follows:

**INTRODUCTION / STATEMENTS OF FACT**

1.          On 2018DEC18 at about noon, Plaintiff, Winston Noles, was standing on a public sidewalk in Royse City, TX displaying various political placards to include: "SHIT IS FUCKED UP AND STUFF", "GIVE ME LIBERTY OR GIVE ME DEATH", "WELL, THE SYSTEM ISN'T GOING TO FUCK ITSELF", and "FREE FOOD: POTATOES AND CARROTS"[1].  (First three shown below):





---

[1]  A few days prior to this incident, Plaintiff was arrested in neighboring Hawk Cove, TX for donating an excess of potatoes and carrots to the needy "without a license".  This offer message was inscribed on the reverse of one of these placards.

2.          Hundreds of vehicles passed by Plaintiff over a period of about 15 minutes.

3.          During Plaintiff's peaceful demonstration, Plaintiff periodically swapped between the three above messages being displayed.

4.          During Plaintiff's peaceful demonstration, several passersby honked, smiled, waved, laughed, or otherwise expressed statements or gestures commonly understood in North American culture to be supportive of Plaintiff's viewpoints.

5.          At no time during Plaintiff's demonstration did any private person ever approach Plaintiff to express displeasure with- objection to- or to complain about- his message.

6.          About 13 minutes into Plaintiff's demonstration, Royse City Police officer Johnie Clark arrives on scene by parking at the stop sign in the right-most lane of traffic without activating any overhead emergency lighting and approached Plaintiff.

7.          At the time officer Clark arrived, the message Plaintiff was displaying was "GIVE ME LIBERTY OR GIVE ME DEATH".

8.          It turns out Clark was one of three Royce City Police Officers were dispatched to Plaintiff's location based on a complaint from a civilian of a man holding a sign with profanities.

9.          Specifically, the caller reported a sign reading "SHIT IS FUCKED UP AND STUFF".

10.        In addition to Clark, Defendant Short and SGT Dial also dispatched.

11.        While responding to Plaintiff's location, because the officers had activated their dash-mounted camera devices, officer's comments leading up to, during and following the incident were memorialized.

12.        Officers Dial and Short laughed at hearing the report of a man holding a sign reading "SHIT IS FUCKED UP AND STUFF".

13.        They joked: "Maybe we should send him over to Austin! Hahaha!".

14.     SGT Dial and Defendant Short arrived shortly afterwards.

15.     Neither Dial nor Short activated their overhead emergency lights when they parked their patrol vehicles in the left turn lane of the frontage road behind Plaintiff.

16.     When Defendant Short pulled up, he exited his vehicle and walked up to Plaintiff's recording device, bent over slightly and examined the devices active recording screen for a long time.

17.     During this time, SGT Dial attempted to verbally coerce Plaintiff to consent to a search of his other signs.

18.     SGT Dial then made multiple advances attempting to forcibly seize Plaintiff's signs from his possession to which Plaintiff objected.

19.     Failing this, SGT Dial punched Plaintiff's signs out of his hands and kicked them toward the street.[2]

20.     Officer Clark was so shocked at this surprise act of violence that he jumped dangerously backwards nearly landing in the busy street behind him.

_____

2   The forceful taking of a person's property without their consent while armed with a deadly weapon is the felony crime of ROBBERY.  SGT Dial was never charged with any crimes stemming from his unlawful violent behavior.

21.          At this point, Defendant Short intentionally reached out with his right arm, grasped the riser pole of Plaintiff's tripod, and deliberately rotated the device about 90 degrees pointing the camera lens away from the scene, as depicted in the following frames excised from SGT Dial's dash-mounted camera:



*1: SHORT GRABS TRIPOD*          *2: SHORT LIFTS /*          *3: DEVICE DROPPED*
                                 *ROTATES TRIPOD*            *~90 DEGREES OFF*
                                                             *ORIGINAL POSITION*

22.          Defendant Short was, at the time of this incident, a fully uniformed and armed law enforcement officer employed by the Royse City, Tx, Police Department.

23.          At all times relevant to this action, Defendant Short was acting under full color of law in his capacity as a law enforcement officer employed by Royse City, Tx.

24.          Since the time of this incident, Defendant Short has hopped over to a nearby community where he is now employed as a law enforcement officer by the Sunnyvale, Tx, Police Department.

25.     In the past 15 years, Defendant Short has hopped between agencies four times with an average length of employment per agency of merely 2.9 years (see table below):

KEITH SHORT LAW ENFORCEMENT EXPERIENCE

| # | AGENCY | START | END | DURATION | HIGHEST RANK |
|---|--------|-------|-----|----------|--------------|
| 1 | HUNT CO. SHERIFF'S OFFICE | 02/11/06 | 05/04/08 | 2Y, 3M | RESERVE OFFICER |
| 2 | CADDO MILLS POLICE DEPT. | 03/23/06 | 09/10/07 | 1Y, 6M | POLICE OFFICER |
| 3 | HUNT CO. SHERIFF'S OFFICE | 05/05/08 | 08/06/11 | 3Y, 4M | DEPUTY |
| 4 | ROYSE CITY POLICE DEPT. | 08/08/11 | 05/29/20 | 8Y, 10M | CORPORAL |
| 5 | SUNNYVALE POLICE DEPT. | 06/01/20 | 06/21/20 | 0Y, 1M | SERGEANT |
|   | TOTAL CIVILIAN LAW ENFORCEMENT | 02/11/06 | 06/21/20 | 14Y, 5M | SERGEANT |

NUMBER OF AGENCIES:          5
TOTAL DURATION:            172    MONTHS
AVERAGE AGENCY EMPLOYMENT:   2.9    2 YEARS, 11.4 MONTHS

26.     Defendant Keith Short, in addition to being an Agency-Hopping Police Officer, is also the Mayor of a nearby podunk[3] community: McClenden-Chisolm, Tx.

27.     Disturbingly, as the Mayor of a Texas Municipality, Defendant Short is the Chief Policy Making Authority and the Officer In Chief managing and supervising an entire law enforcement agency.

28.     Based on such extensive experience, Defendant Short has no excuse to have tampered with Plaintiff's evidence as described throughout this complaint.

29.     Any search or seizure without a warrant specifying the place to be searched and the article to be seized ordered by a judicial officer upon a finding of probable cause as supported by affirmation or oath is presumed to be unlawful and in violation of the Fourth Amendment to the Constitution for the United States.

30.     Any tampering with or preventing the collection of content intended for publication without the Due Processes of Law is presumed to be unlawful and in

---

3  Podunk: Po·dunk | \ ˈpō-ˌdəŋk \ noun: a small, unimportant, and isolated town
   source: https://www.merriam-webster.com/dictionary/Podunk

violation of the First, Fourth and Fourteenth Amendments to the Constitution for the United States.

31.        Any tampering with or preventing the collection of evidence of criminal activity or police brutality without the Due Processes of Law is presumed to be unlawful and in violation of the First, Fourth and Fourteenth Amendments to the Constitution for the United States.

32.        Any official retaliation for the content or viewpoints of the messages expressed by a person to which an official objects is presumed to be unlawful and in violation of the First Amendment to the Constitution for the United States.

33.        Citizens recording law enforcement in performance of their public duties from public places is a VERY WELL ESTABLISHED RIGHT.

34.        Plaintiff is a self-syndicated journalist who regularly broadcasts and/or publishes stories and interactions with law enforcement and government officials.

35.        Plaintiff's stories are of great public concern as they contain content about police abuse and corruption.

36.        Defendant Short KNEW he did not have the authority under the circumstances to seize control of Plaintiff's recording equipment.

37.        Defendant Short KNEW he did not have the authority under the circumstances to reposition Plaintiff's recording device away from the actions being committed by his fellow officers.

38.        Defendant Short's conduct grasping and repositioning Plaintiff's equipment constituted a seizure in violation of the Fourth Amendment to the Constitution for the United States of America giving rise to Plaintiff's FIRST CLAIM FOR RELIEF.

39.        Defendant Short's conduct repositioning Plaintiff's recording device away from the misconduct of his fellow officers constituted a prior restraint on speech because it prevented Plaintiff from gathering the meaningful content of his choosing for his story on

a matters of great public concern – police brutality in Royse City, TX in violation of the Fourth Amendment to the Constitution for the United States of America, giving rise to Plaintiff's SECOND CLAIM FOR RELIEF.

40.         Defendant Short's conduct repositioning Plaintiff's recording device away from the misconduct of his fellow officers deprived Plaintiff his property interests to gather and retain his personal and independent recording of the very genre of police brutality against which he was speaking out in violation of the Fourteenth Amendment to the Constitution for the United States of America, giving rise to Plaintiff's THIRD CLAIM FOR RELIEF.

41.         Defendant Short's conduct repositioning Plaintiff's recording device away from the misconduct of his fellow officers constituted tampering with- and/or destruction of-material evidence because it prevented Plaintiff from gathering material evidence of police brutality to which he was being subjected interfering and/or precluding with Plaintiff's rights to seek Redress for Grievances through the Due Processes of Law in violation of both the First and Fourteenth Amendments to the Constitution for the United States of America, giving rise to Plaintiff's FOURTH CLAIM FOR RELIEF.

42.         Defendant Short's conduct described herein was substantially motivated by a malicious desire to punish Plaintiff for his speech critical of government misconduct. The fear of being subjected to police brutality only to have one's deliberately gathered evidence thereof tampered with or destroyed would chill a person of ordinary firmness from engaging in similar protected speech conduct in violation of the First Amendment to the Constitution for the United States of America, giving rise to Plaintiff's FIFTH CLAIM FOR RELIEF.

43.         Plaintiff has standing to assert these claims for relief for the numerous injuries he suffered, and continues to suffer, as a direct and proximal result of Defendant Short's unlawful actions 2018DEC18 to seize his recording equipment and tamper with the recording configuration and parameters.

44.        Plaintiff brings these valid causes for action against Defendant Short in his personal, individual capacity pursuant to 42 U.S.C. § 1983 – deprivation of rights under color of law.

45.        Plaintiff was a resident of Texas and a citizen of the United States at all times relevant to this complaint.

46.        Defendant Short was a resident of Texas and a citizen of the United States at all times relevant to this complaint.

47.        Plaintiff was engaged in protected free speech in a open public forum.

48.        Plaintiff's conduct was lawful at all times during this incident.

49.        It was obvious given the circumstances that the recording equipment belonged to Plaintiff.

50.        Defendant Short absolutely knew the recording equipment belonged to Plaintiff.

51.        It was obvious given the circumstances that the recording equipment was capturing a field of view focused upon and including Plaintiff.

52.        Defendant Short absolutely knew Plaintiff was using the recording equipment to capture video/audio of events involving Plaintiff and his immediate vicinity.

53.        Plaintiff seek relief for the following specifically enumerated claims:

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983 - FOURTH AMENDMENT
## UNLAWFUL SEIZURE – WARRANTLESS SEIZURE OF ACTIVE CAMERA
## (AGAINST DEFENDANT KEITH SHORT)

54.        Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

55.        Defendant Short had no knowledge of any warrants or orders signed by any judicial officer authorizing any seizures of any specified camera, recording equipment belonging to Plaintiff.

56.        Defendant Short knew, or certainly should have known, Plaintiff's recording actions did not give rise to any probable cause that any crime was being, had been, or would imminently likely be committed.

57.        Defendant Short acted under full color of state law when he took physical control of Plaintiff's active recording equipment without any legitimate lawful authority to do so.

58.        Plaintiff had a reasonable expectation his equipment would be secure and unmolested where he was not under arrest at the time of the seizure.

59.        Defendant Short's conduct grasping, lifting, rotating, and repositioning Plaintiff's tripod and recording device away from the scene of obvious interest at a critical time during the incident constituted a seizure under the Fourth Amendment.

60.        Defendant Short's seizure of Plaintiff's recording equipment was objectively unreasonable given the circumstances known to the officers are the time of the seizure.

61.        Defendant Short's actions to deprive Plaintiff of his property interests were unlawful.

62.        Defendant Short's engaged in his conduct to intentional reposition Plaintiff's personal and independent recording of a police interaction involving the Plaintiff in a public place was maliciously intended to prevent Plaintiff his rights to adequately and vigorously petition and pursue redress of grievances.

63.        Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourth Amendment to the Constitution for the United States when he unreasonably seized Plaintiff's recording equipment.

64.        Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unreasonable seizure of Plaintiff's active recording equipment.

65.        Defendant Short's conduct violated clearly established rights secured for Plaintiff by the Fourth Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

66.        Plaintiff seeks relief for these injuries sustained when on 2018DEC18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's Constitutionally Protected Rights, acting under full color of state law, unlawfully seized and repositioned Plaintiff's property – his active recording equipment - which Plaintiff had full expectation of privacy and security, without any warrant, probable cause, or other legitimate lawful authority what so ever to do so, attempting to interfere with and/or prevent Plaintiff's active recording of police interaction in a public place.

67.        In addition to compensatory, injunctive and declarative reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 –FIRST AMENDMENT
## FREE SPEECH / FREE PRESS; CENSORSHIP;
## PRIOR RESTRAINT: RECORDING INTERFERENCE
## (AGAINST DEFENDANT KEITH SHORT)

68.        Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

69.        Plaintiff was engaged in protected free press, gathering content for a story on matters of great public concern – police misconduct, in an open public forum.

70.        Defendant Short knew, or certainly should have known, that repositioning Plaintiff's recording device at a critical moment during an unlawful police encounter would prevent Plaintiff from capturing the interaction and censor his ability to publish the story in the manner he might see fit.

71.        Defendant Short acted under full color of state law when he took physical control of Plaintiff's active recording equipment and repositioned the camera lens away from the intended field of view without any legitimate lawful authority to do so.

72.        Plaintiff had a reasonable expectation his equipment would be secure and unmolested where he was not under arrest at the time of the seizure.

73.        Defendant Short's conduct grasping, lifting, rotating, and repositioning Plaintiff's tripod and recording device away from the scene of obvious interest at a critical time during the incident preventing Plaintiff from gathering content he intended to publish and thus constituted censorship and a prior restraint on speech under the First Amendment.

74.        Defendant Short's actions to deprive Plaintiff of his property and press interests were unlawful.

75.        Defendant Short's engaged in his conduct to intentionally reposition Plaintiff's personal and independent recording of a police interaction involving the Plaintiff in a public place was maliciously intended to prevent Plaintiff his rights to gather content to publish about police misconduct.

76.         Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First Amendment to the Constitution for the United States when he unlawfully censored Plaintiff's free press.

77.         Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unlawful prior restraint censorship of Plaintiff's story.

78.         Defendant Short's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

79.         Plaintiff seeks relief for these injuries sustained when on 2018DEC18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's Constitutionally Protected Rights, acting under full color of state law, unlawfully repositioned Plaintiff's active recording equipment thus censoring Plaintiff's publication of his story on police misconduct and brutality.

80.         In addition to compensatory, injunctive and declarative reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 –FOURTEENTH AMENDMENT VIOLATIONS**
**DUE PROCESS: DEPRIVATION OF PROPERTY INTERESTS**
**(AGAINST DEFENDANT KEITH SHORT)**

81.        Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

82.        Plaintiff was engaged in protected conduct recording himself and any potential interactions therewith in an open public forum.

83.        Defendant Short knew, or certainly should have known, that repositioning Plaintiff's recording device at a critical moment during an unlawful police encounter would prevent Plaintiff from capturing the interaction and censor his ability to publish the story in the manner he might see fit.

84.        Defendant Short acted under full color of state law when he took physical control of Plaintiff's active recording equipment and repositioned the camera lens away from the intended field of view without any legitimate lawful authority to do so.

85.        Plaintiff had a reasonable expectation his equipment would be secure and unmolested to continue capturing the events withing the configured field of view where he was not under arrest at the time of the seizure.

86.        Defendant Short's conduct grasping, lifting, rotating, and repositioning Plaintiff's tripod and recording device away from the scene of obvious interest, at a critical time during the incident, prevented Plaintiff from gathering content he intended to publish or use in litigation.

87.        Defendant Short's actions to deprive Plaintiff of his property and press interests were unlawful.

88.        Defendant Short's engaged in his conduct to intentionally reposition Plaintiff's personal and independent recording of a police interaction involving the Plaintiff in a public place was maliciously intended to prevent Plaintiff his property interests to gather content to publish about police misconduct or to use in litigation.

89.	Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.

90.	Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unlawful tampering with Plaintiff's recording device thus destroying Plaintiff's content gathering.

91.	Defendant Short's conduct violated clearly established rights secured for Plaintiff by the Fourteenth Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

92.	Plaintiff seeks relief for these injuries sustained when on 2018DEC18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's Constitutionally Protected Rights, acting under full color of state law, unlawfully repositioned Plaintiff's active recording equipment thus censoring Plaintiff's publication of his story on police misconduct and brutality.

93.	In addition to compensatory, injunctive and declarative reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – FIRST AMENDMENT VIOLATION
### PETITION FOR REDRESS OF GRIEVANCES;
### 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT VIOLATIONS
### DUE PROCESS – PROPERTY DEPRIVATION, CONTENT DESTRUCTION
### (AGAINST DEFENDANT KEITH SHORT)

94.         Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

95.         Plaintiff was engaged in protected conduct recording himself and any potential interactions therewith in an open public forum.

96.         Defendant Short knew, or certainly should have known, that repositioning Plaintiff's recording device at a critical moment during an unlawful police encounter would prevent Plaintiff from capturing the interaction and censor his ability to publish the story in the manner he might see fit.

97.         Defendant Short acted under full color of state law when he took physical control of Plaintiff's active recording equipment and repositioned the camera lens away from the intended field of view without any legitimate lawful authority to do so.

98.         Plaintiff had a reasonable expectation his equipment would be secure and unmolested to continue capturing the events withing the configured field of view where he was not under arrest at the time of the seizure.

99.         Defendant Short's conduct grasping, lifting, rotating, and repositioning Plaintiff's tripod and recording device away from the scene of obvious interest, at a critical time during the incident, prevented Plaintiff from gathering content he intended to publish or use in litigation.

100.        Defendant Short's actions to deprive Plaintiff of his property and evidence interests were unlawful.

101.        Defendant Short KNEW Plaintiff's recording activities had the potential to become material evidence against himself or his fellow officers should there be any allegations of misconduct raised by Plaintiff arising from the events unfolding.

102.        Defendant Short CALCULATED that concealing any misconduct would be in the selfish best interests of himself and/or his fellow officers.

103.        It was Defendant Short's intentionally designed malicious scheme to deprive Plaintiff possible evidence of police misconduct with the express intention of concealing the same.

104.        Defendant Short's engaged in his conduct to intentionally reposition Plaintiff's personal and independent recording of a police interaction involving the Plaintiff in a public place was maliciously intended to prevent Plaintiff his property interests to gather content to publish about police misconduct or to use in litigation.

105.        Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.

106.        Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff the full ability to Petition the Government for Redress of Grievances by interfering with the collection of material evidence by tampering with Plaintiff's recording device.

107.        Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unlawful tampering with Plaintiff's recording device thus destroying Plaintiff's content gathering.

108.        Defendant Short's conduct violated clearly established rights secured for Plaintiff by the Fourteenth Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

109.         Plaintiff seeks relief for these injuries sustained when on 2018DEC18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's Constitutionally Protected Rights, acting under full color of state law, unlawfully repositioned Plaintiff's active recording equipment thus censoring Plaintiff's publication of his story on police misconduct and brutality.

110.         In addition to compensatory, injunctive and declarative reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF
## 42 U.S.C. § 1983 –FIRST AMENDMENT VIOLATION
## RETALIATION FOR SPEECH
## (AGAINST DEFENDANT KEITH SHORT)

111.         Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

112.         Plaintiff was engaged in protected political speech speaking out on matters of public concern in an open public forum.

113.         Plaintiff was engaged in protected conduct recording himself and any potential interactions therewith in an open public forum.

114.         Defendant Short acted under full color of state law when he took physical control of Plaintiff's active recording equipment and repositioned the camera lens away from the intended field of view without any legitimate lawful authority to do so.

115.         Defendant Short KNEW Plaintiff's recording activities had the potential to become material evidence against himself or his fellow officers should there be any allegations of misconduct raised by Plaintiff arising from the events unfolding.

116.         Defendant Short CALCULATED that concealing any misconduct would be in the selfish best interests of himself and/or his fellow officers.

117.         Defendant Short's conduct to deprive Plaintiff of objective evidence to conceal police misconduct in response to- and/or in retaliation for- protected free speech and/or press activities by interfering with recordings thereof would chill a person of ordinary firmness from engaging in similar speech or press conduct.

118.         Defendant Short engaged in his conduct to deprive Plaintiff his recording of the event was substantially motivated by malicious motives other than to seek justice for a person believed to have committed a crime; specifically, Short intended to punish Plaintiff for his content and/or viewpoint to which he objected and/or to conceal the evidence of unlawful "street justice" imposed by himself and/or his fellow officers.

119.     Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.

120.     Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff the full ability to Petition the Government for Redress of Grievances by interfering with the collection of material evidence by tampering with Plaintiff's recording device.

121.     Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unlawful tampering with Plaintiff's recording device thus destroying Plaintiff's content gathering.

122.     Defendant Short's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

123.     Plaintiff seeks relief for these injuries sustained when on 2018DEC18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's Constitutionally Protected Rights, acting under full color of state law, unlawfully repositioned Plaintiff's active recording equipment thus censoring Plaintiff's publication of his story on police misconduct and brutality.

124.     In addition to compensatory, injunctive and declarative reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

## E. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant, and grant:

(a)     Appropriate declaratory and other injunctive and/or equitable relief;

(b)     Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, losses of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c)     All economic losses on claims allowed by law;

(d)     Punitive damages on all claims allowed by law and in an amount to be determined at trial;

(e)     Attorney's fees and the costs associated with this action, including but not limited to those associated with having to defend against the false criminal charges as well as consultation costs, paralegal costs, investigatory costs, deposition costs, witness fees, expert witness fees, on all claims allowed by law;

(f)     Pre- and post- judgment interest at the lawful rate; and

(g)     Any further relief this Court deems just and proper, and any other relief allowed by law.

**PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Dated this 21st day of June, 2020.

_____
(Plaintiff Winston Wesley Noles' Original Signature)

_____
11452 County Road B
Manzanola, Colorado 81058
214-874-5605
WinstonOttoNoles@gmail.com

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff **Otero, CO**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **RockWall, TX**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**Pro-Se**

Attorneys *(If Known)*

RECEIVED
JUN 29 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☑ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**42 USC Sec 1983**

Brief description of cause:
**Obstruction of Recording**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

FROM:

Winston Noles
11452 County Road B
Manzanola, CO 81058

JUN 2 3 2000

TO:

United States District Court #45
1100 commerce St
Dallas, TX 75242 145

UNITED STATES
POSTAL SERVICE®

UNITED STATES
POSTAL SERVICE

Retail

US POSTAGE PAID
$7.75

Origin: 80226
06/24/20
0723370058-22

PRIORITY MAIL 2-DAY®

0 Lb 8.30 Oz

1006

EXPECTED DELIVERY DAY: 06/27/20

C001

SHIP
TO:
1100 COMMERCE ST
DALLAS TX 75242-1001

USPS TRACKING® NUMBER

9505 5105 9274 0176 6495 13

• Date of delive
• USPS TRACKII
  international d
• Limited interna
• Pick-up availab
• Order supplies
• When used inte
  declaration labe

• Domestic only

* Domestic only.   ** For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

This envelope is made from post-consumer waste. Please recycle - again.