IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WINSTON WESLEY NOLES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:20-cv-1721-M-BT |
| § | |
| KEITH SHORT and NICK DIAL, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). For the following reasons, Plaintiff's case should be dismissed.

On June 29, 2020, Plaintiff filed a complaint against Defendant Keith Short; a little more than one month later, he filed a complaint against Defendant Nick Dial. Compl. (ECF No. 3); Compl. (ECF No. 31), *Noles v. Dial*, 3:20-cv-2068-M-BT (N.D. Tex. Aug. 5, 2020). On September 3, 2020, the District Court consolidated Plaintiff's two cases and required him to file a single amended complaint encompassing all of his claims within 14 days of that order's date. Order (ECF No. 8). Plaintiff objected to the District Court's consolidation of his cases, but the undersigned overruled his objection and notified him that if he failed to file an amended complaint within 14 days of Chief Judge Lynn's September 3, 2020 order, his case would be dismissed without prejudice for

1

failure to comply with a court order. Order (ECF No. 10). The 14-day period for Plaintiff to file his amended complaint expired September 17, 2020, and Plaintiff has not filed an amended complaint.

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626 at 630-31); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). Because Plaintiff failed to comply with the Court's order to file his amended complaint, his case should be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders); *Boudwin*, 756 F.2d at 401 ("Although . . . [Rule 41(b)] speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte,* with or without notice to the parties.").

## Recommendation

For the foregoing reasons, the Court recommends Plaintiff's case be DISMISSED without prejudice for failure to comply with a court order under Fed. R. Civ. P. 41(b).

**SO RECOMMENDED**.

September 29, 2020.

                                          REBECCA RUTHERFORD
                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).